# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK, | 1:12-cv-0721-BAM |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CORWIN THOMPSON, MARTIN R GARZA, and GENERAL COUNSEL SOCIAL SECURITY ADMINISTRATION Defendants. | |

## I.

## MOTION TO PROCEED IN FORMA PAUPERIS

By application filed June 8, 2012, Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 3). Plaintiff has submitted a declaration that makes the showing required by § 1915 (a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915 (a).

## II.

## SCREENING THE COMPLAINT

**A.   Introduction**

On May 2, 2012 Plaintiff Reverend Beck ("Plaintiff"), currently incarcerated at Kern Valley State Prison, filed this *pro se* action against Corwin Thompson, Martin R Garza, and General Counsel Social Security Administration. Plaintiff's complaint seeks damages and recovery of disability and supplemental security income payments he claims the Social Security Administration

1

illegally terminated or withheld. Upon a review of the complaint, this Court recommends that the action be dismissed with leave to amend.

**B.      Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. *Id.* Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the well plead allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### C. Plaintiff's Allegations

In his complaint, Plaintiff alleges that Defendants unlawfully seized his social security disability benefits and social security income when he became incarcerated in 1993. He seeks money damages against Defendants for alleged constitutional violations in connection with their handling of his social security income and disability benefits.

### D. Failure to State a Claim

Plaintiff's claims are not cognizable for two reasons. First, a dissatisfied Social Security claimant may not seek damages from officials for conduct that leads to the wrongful denial of benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 420-29 (1988) (improper denial of Social Security benefits cannot give rise to cause of action for money damages); *see also Hawes v. Richardson*, 2012 U.S. Dist. LEXIS 91543 at *3 (N.D. Cal. June 28, 2012).

Second, Plaintiff's complaint fails to state a claim under the Social Security Act, which provides that "no monthly benefits shall be paid under this section…to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility…." 42 U.S.C. § 402(x)(1)(A)(I). The Ninth Circuit has ruled that suspension of benefits during incarceration is mandatory pursuant to 42 U.S.C. § 402(x). *Butler v. Apfel*, 144 F.3d 622, 627 (9th Cir. 1998). After 12 months of continuous suspension, benefits are terminated and are not automatically reinstated upon release from prison. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008); 20 C.F.R. § 416.1335.

Here, Plaintiff alleges that he was convicted of a crime and incarcerated for over a year. Thus, 42 U.S.C § 402(x) applies, and the Commissioner of Social Security is entitled to suspend his social security and disability benefits during his incarceration. *See* 42 U.S.C. § 402(x). However, this Court acknowledges that *pro se* plaintiffs proceeding in forma pauperis must be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d at 1228, n.9. 42 U.S.C. § 402(x)(1)) states that Social Security disability benefits shall not be paid to any imprisoned felon (federal or state) unless the individual is "actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law

and the Secretary of Health and Human Services [the department where Social Security Administration is housed]." It is not clear what kind of claim Plaintiff is asserting. Plaintiff does not suggest that he has participated in a rehabilitation program, but he should be given opportunity to amend to state a claim. Therefore, in light of the allegations presented, and in deference to Plaintiff's pro se status, Plaintiff's cause of action against all Defendants is DISMISSED WITH LEAVE TO AMEND. 28 U.S.C. § 1915A(b).

## CONCLUSION

For the reasons given above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. **Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file a first amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.**

Plaintiff is cautioned that an amended complaint supercedes the original complaint, and must be "complete in itself without reference to the prior or superceded pleading." *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.).

IT IS SO ORDERED.

Dated:   July 23, 2012                     /s/ **Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE