# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK, | 1:12-cv-0721 LJO-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| CORWIN THOMPSON, MARTIN R GARZA, and GENERAL COUNSEL SOCIAL SECURITY ADMINISTRATION | |
| Defendants. | |

Plaintiff Reverend Beck ("Plaintiff" or "Beck"), a prisoner, appearing pro se and proceeding in forma pauperis, filed a first amended complaint ("FAC") on August 15, 2012, alleging damages and recovery of social security income payments. Plaintiff also requests the appointment of counsel. Upon a review of the complaint, this Court recommends that the action be dismissed without leave to amend and his request for counsel denied.

**SCREENING STANDARD**

In light of the first amended complaint, and pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the

pro se pleadings liberally in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." FED. R. CIV. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

## **DISCUSSION**

A review of Plaintiff's amended complaint reveals he failed to correct the deficiencies outlined in this Court's first screening order. Plaintiff, an incarcerated person, seeks relief directing the Commissioner of Social Security to reinstate his monthly social security benefits. In the first screening order, Plaintiff was informed that as an incarcerated person, he is not entitled to monthly social security benefits. *See Butler v. Apfel*, 144 F.3d 622 (9th Cir. 1998) (no constitutional infirmity in statute  disallowing payment of social security benefits to incarcerated persons); *see also Dep't Health & Human Serv. v. Chater*, 163 F.3d 1129 (9th Cir. 1998). Plaintiff was further informed that 42 U.S.C. § 402(x)(1) states that Social Security disability benefits shall not be paid to any imprisoned felon (federal or state)  unless the individual is "actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and the Secretary of Health and Human Services [the department where Social Security Administration is housed].  In his amended complaint, Plaintiff did not allege that he is eligible for a rehabilitation-program exception.

Instead, Plaintiff "reiterates" that Supreme Court precedent mandates that he is entitled to benefits under *Bennett v. Arkansas*, 485 U.S. 395 (1988). *In Bennett v. Arkansas*, the Supreme Court examined the non-assignment provision of 42 U.S.C § 407. In *Bennett*, there was a conflict between Arkansas law, which authorized the seizure of a prisoner's Social Security and Veterans' benefits in order to help defray the cost of maintaining its prison system, and federal law, which exempted these funds from legal process. *See* 42 U.S.C. § 407(a). The Supreme Court held that the

Supremacy Clause prohibited Arkansas from attaching prisoners' Social Security and Veterans' benefits. *Bennett,* 485 U.S. 395 at 398.

*Bennett* is inapplicable to Plaintiff's case. The Social Security Administration stopped payment of Plaintiff's social security benefits because he was no longer statutorily entitled to benefits. There is no conflict between state and federal law; and no state has sought to attach Plaintiff's benefits. *Langella v. Bush*, 306 F. Supp. 2d 459 (S.D.N.Y. 2004) (holding that *Bennett* does not apply to prisoner claims seeking social security benefits from the Commissioner). While Plaintiff argues that *Bennett* entitles him to reinstatement of his benefits, the Court finds as a matter of law he is not entitled to benefits pursuant to 42 U.S.C. § 402(x)(1).

Further, Plaintiff has failed to cite any statute or provision showing he is entitled to relief under the Social Security Act, and he has not challenged the constitutionality of the statute disqualifying felony inmates from receiving disability insurance benefits. *See, e.g., Davis v. Bowen*, 825 F.2d 799 (4th Cir. 1987), *cert. denied*, 484 U.S. 1069 (U.S. 1988) (finding that the suspension of benefits for incarcerated felons does not violate an inmate's due process or equal protection rights); *Peeler v. Heckler*, 781 F.2d 649 (8th Cir. 1986) (concluding that the suspension of disability benefits to incarcerated felons does not constitute "punishment" such that the *ex post facto* clause is violated); *Wiley v. Bowen*, 824 F.2d 1120 (D.C. Cir. 1987) (suspension of recipient's retirement payments pursuant to amendment prohibiting incarcerated felons from receiving benefits was not punishment and thus was not *ex post facto* law).

Plaintiff's allegations that his benefits were unfairly suspended by the Social Security Administration sometime after his incarceration are frivolous and fail to state a claim upon which relief can be granted. Therefore, the Court lacks jurisdiction over Plaintiff's claim and his amended complaint should be dismissed. *See Noe v. Dir. of Soc. Sec.*, 2007 U.S. Dist. LEXIS 96514, at *3 (E.D.N.C. Mar. 16, 2007) (dismissing a prisoner's complaint for reimbursement of benefits as frivolous with guidance from the Court); *Bradin v. Astrue*, 2012 U.S. Dist. LEXIS 70560, at *5 (E.D. Mo. May 21, 2012) (dismissing a prisoner's complaint for reimbursement of benefits as frivolous).

Plaintiff has been given leave to amend with guidance from the Court and has been unable to cure the deficiencies in his complaint. Accordingly, further leave to amend shall be denied.

Moreover, given the lack of merit in Plaintiff's action, the appointment of counsel is not warranted. Plaintiff's request for appointment of counsel should be DENIED.

### **CONCLUSION**

Accordingly, the Court HEREBY RECOMMENDS:

1. That Plaintiff's request for appointment of counsel should be DENIED;

2. That this action be DISMISSED as frivolous and for a failure to state claims upon which relief can be granted.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 23, 2012              /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE